## PEOPLE v OLSEN

Docket Nos. 84302, 84303. Submitted December 5, 1985, at Detroit. Decided October 7, 1986.

Roy A. Olsen pled guilty in Isabella Circuit Court to charges of attempted forgery and larceny from a building. In exchange for defendant's agreeing to plead guilty to those charges, the prosecuting attorney agreed to dismiss another charge and an habitual offender information prepared against defendant and to recommend that any sentences imposed run concurrently. Defendant failed to show up for his scheduled sentencing, whereupon he was charged with absconding while on bond. Pursuant to a second plea agreement, defendant agreed to plead guilty to the absconding charge if the original plea agreement would still be adhered to by the prosecutor. The prosecutor agreed, with the added condition that defendant make full restitution to the victims of his crimes by the scheduled date of sentencing or the plea agreement would be null and void. Defendant agreed and pled guilty to the absconding charge, but failed to make full restitution by the scheduled date for sentencing. The trial court, Paul F. O'Connell, J., following the prosecutor's recommendation of imposing consecutive sentences, sentenced defendant to thirty-two to forty-eight months' imprisonment on the absconding conviction and to concurrent sentences on the forgery and larceny convictions to be served after the absconding sentence. Defendant appealed.

The Court of Appeals *held:*

Defendant's argument that he is entitled to specific performance of the prosecutor's agreement to recommend concurrent sentences because the restitution requirement of the plea bargain was illegal and unenforceable is rejected. The prosecutor did not order defendant to make restitution. Rather, defendant agreed to make restitution as an agreed-upon condition precedent to the prosecutor's obligation to perform as promised.

REFERENCES

Am Jur 2d, Criminal Law §§ 481-485, 572.

See the annotations in the Index to Annotations under Parole, Probation, and Pardon; Plea Bargaining.

.

When defendant failed to meet the condition, the prosecutor's obligation to recommend concurrent sentencing ceased.

Affirmed.

SHEPHERD, J., concurred but wrote separately to point out that, while defendant argues that the restitution requirement of the plea agreement was illegal and unenforceable, he still wants to have the concurrent sentences aspect of the agreement upheld. The restitution requirement was not ordered by the prosecutor but was a condition freely agreed to by defendant. By not fulfilling that condition, defendant is not entitled to any benefit under the plea agreement since it has been rendered null and void. Therefore, since defendant does not want to have his guilty plea vacated, he is subject to the maximum penalty allowed by law.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — PLEA BARGAINS — SPECIFIC PERFORMANCE.

A defendant who does not meet a condition precedent to a prosecutor's obligation to perform as promised under a plea agreement is not entitled to specific performance of the prosecutor's obligation.

CONCURRENCE BY SHEPHERD, J.

2. CRIMINAL LAW — SENTENCING — RESTITUTION — PROBATION.

*Restitution can only be ordered as part of a sentence of probation, and a court cannot require a probationer to pay restitution unless the probationer is or will be able to make payment during the term of probation (MCL 771.3[5], [6]; MSA 28.1133[5],[6]).*

3. CRIMINAL LAW — SENTENCING — PLEA BARGAINS.

*A defendant who, as part of a plea bargain, agrees to the condition that he must make full restitution prior to the scheduled date of sentencing or the plea bargain will be null and void cannot complain that the prosecutor did not live up to his promises where the defendant did not fulfill the restitution requirement.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Gail Rodwan*), for defendant on appeal.

Before: MacKenzie, P.J., and D. F. Walsh and Shepherd, JJ.

Per Curiam. On September 30, 1983, defendant pled guilty to attempted forgery, MCL 750.248; MSA 28.445, MCL 750.92; MSA 28.287, and larceny from a building, MCL 750.360; MSA 28.592. In exchange the prosecutor agreed to dismiss one additional charge, as well as an habitual offender information. The prosecutor also agreed not to proceed with certain future cases in which defendant might admit involvement. Defendant failed to appear for his scheduled sentencing.

On November 30, 1984, pursuant to a negotiated plea, defendant pled guilty to absconding a bond, MCL 750.199a; MSA 28.396(1), as follows:

> [*The Prosecutor*]: Yes, your Honor, the plea agreement is as follows: . . . if the defendant pleads guilty to [absconding] and continues his plea of guilty to [attempted forgery and larceny from a building], the People will dismiss files 84-4047, 84-4049, and 84-4050. Number one (1). Number two (2), we will not proceed against the defendant and an habitual offender. Number three (3) we will recommend concurrent sentences. Number four (4) the parties will agree that the defendant will be sentenced, assuming that's alright with the Department of Corrections, for all three (3) files on December 28th. And the final part of the plea agreement is, if by December 28th, the date of sentence, he has not made full restitution as determined by the Probation Department, before the sentencing, for [the] files with which he is charged [*i.e.*, the 3 dismissed as part of the absconding case, the attempted forgery and larceny cases, and the case dismissed as part of the plea taken on September 30, 1983], then there is no plea agree-

ment and the plea agreement is set aside and we can proceed against the defendant as if there were no plea agreement. There is no sentence recommendation, other than the sentences be concurrent and not consecutive.

*The Court:* Alright, is that a complete and accurate statement of the plea agreement, [defense counsel]?

*[Defense Counsel]*: Yes, it is, your Honor.

*The Court:* And, Mr. Olsen, did you understand what . . . the prosecutor, just stated?

*Defendant:* Yes, sir, I did.

*The Court:* Do you understand it completely? Do you understand that it involves dismissal of three (3) files?

*Defendant:* Yes, sir.

*The Court:* And it means that the prosecutor will not proceed against you as being a habitual offender, he's recommending concurrent sentences on the two (2) charges to which you would be sentenced in September of '83, and this matter, the obsconding [sic] charge . . . he's stating that if you do not make full restitution in all these six (6) files, by the time of sentences in the plea agreement is null and void. Do you understand that, Mr. Olsen?

*Defendant:* Yes.

*The Court:* Do you agree to that?

*Defendant:* Yes.

At sentencing, the prosecutor noted that defendant had not made restitution. The prosecutor did not move to reinstate the files he had agreed to dismiss, but did recommend the imposition of consecutive sentences. Defendant's offer of partial restitution was rejected. The court imposed sentences of from forty to sixty months and from twenty-four to forty-eight months imprisonment for the attempted forgery and larceny convictions, respectively to be served consecutively to a thirty-two to forty-eight month sentence for absconding.

Defendant appeals as of right and requests this Court to amend his sentence to impose concurrent sentences or, alternatively, to remand to the sentencing court for such an amendment. We decline to do either and affirm.

Defendant contends that he is entitled to specific performance of the prosecutor's agreement to recommend concurrent sentences because the restitution requirement of his plea bargain was illegal and unenforceable. The fallacy in defendant's argument is that the prosecutor did not *order* defendant to make restitution as part of the plea bargain. Payment of restitution was simply an agreed-upon condition precedent to the prosecutor's obligation to perform as promised. When defendant failed to meet the condition, the prosecutor's obligation to recommend concurrent sentencing ceased. At the time defendant entered into the plea bargain defendant knew better than anyone whether he had the ability to raise the money, and the risk he ran if he did not. Defendant will not now be heard to say that he should have made a better deal.

Since defendant has failed to perform his undertakings under the plea agreement, he has no right to specific performance of the prosecutor's agreement to recommend concurrent sentencing.

Affirmed.

SHEPHERD, J. *(concurring).* At the time of the plea it was made clear on the record at least twice that if defendant did not make full restitution by the time of sentencing the plea agreement would be null and void. Defendant did not make restitution and had defendant moved to vacate the plea I believe the trial judge would have been obligated to grant the motion and set all cases against defendant for trial. The prosecutor also would

have been free to prosecute those future cases in which the defendant might have been involved. The defendant chose not to move to vacate the plea undoubtedly because he did not believe it to be in his interest to go to trial on all outstanding and future charges. Instead defendant chose to ratify the plea but now wants to take advantage of a portion of the plea agreement which he claims to be invalid.

Defendant is correct when he says that restitution can only be ordered as part of a sentence of probation and the court may not require a probationer to pay restitution unless the probationer is or will be able to make payment during the term of probation. MCL 771.3(5), (6); MSA 28.1133(5), (6). *People v Blaney,* 139 Mich App 694; 363 NW2d 13 (1984). However this is not a case where restitution was ordered as part of a sentence. This was a plea bargain where the defendant freely undertook to make restitution as part of the agreement.

Since defendant continues to maintain in the brief filed in this case on appeal that he does not wish to have the plea of guilty vacated, I agree with the majority that at the sentencing he was subject to the maximum penalty allowed by law.