PEOPLE v WALTON

Docket No. 106967. Submitted December 12, 1988, at Lansing. Decided May 1, 1989.

Defendant, Robert L. Walton, was bound over to the Oakland Circuit Court on charges of burning insured property and attempted false pretenses over $100. A plea bargain agreement was then executed whereby the prosecutor agreed to allow defendant to enter a plea to a misdemeanor offense if defendant cooperated in a specific investigation of two major drug dealers being conducted by the County of Macomb Enforcement Team (COMET). The prosecutor thereafter determined that defendant did not comply with his obligation to cooperate with COMET and, accordingly, resumed prosecution of the felony charges. Defendant responded by moving for specific performance of the agreement. The circuit court, James S. Thorburn, J., found that defendant did not cooperate with COMET but that his cooperation with the investigations of other agencies fulfilled his obligation under the agreement. The court ordered enforcement of the agreement. When the prosecutor refused to amend the information so as to allow defendant to plead to a misdemeanor, the circuit court dismissed the case. The people appealed.

The Court of Appeals *held:*

The circuit court clearly erred in finding that defendant fulfilled his obligation under the agreement. The prosecutor never consented to defendant's cooperation in other investigations involving other agencies and, hence, defendant's purported cooperation in those investigations would not support a finding that he fulfilled his obligation under the agreement. The order of dismissal is set aside and the case is reinstated for trial on the original felony charges.

Reversed and remanded.

1. CRIMINAL LAW — PLEA BARGAINS.

A plea bargain agreement between a prosecutor and a defendant

REFERENCES

Am Jur 2d, Criminal Law §§ 481-491.
See Index to Annotations under Plea Bargaining.

must be reviewed within the context of its function to serve the administration of criminal justice.

2. CRIMINAL LAW — PLEA BARGAINS — SPECIFIC PERFORMANCE.
   A defendant has no right to specific performance of a plea bargain agreement where he fails to meet an agreed-upon condition precedent.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Larry A. Girard,* for defendant.

Before: SHEPHERD, P.J., and MURPHY and T. GILLESPIE,* JJ.

SHEPHERD, P.J. The prosecution appeals as of right from a January 11, 1988, order of dismissal. The sole issue concerns whether defendant had a right to specific performance of the prosecutor's obligation under a plea bargain agreement. We reverse the circuit court's decision to order specific performance.

In April, 1986, the Oakland County Prosecutor's Office filed an information charging defendant with burning insured property, MCL 750.75; MSA 28.270, and attempted false pretenses over $100, MCL 750.92; MSA 28.287; MCL 750.218; MSA 28.415. Following a preliminary examination, defendant was bound over on the charges to Oakland Circuit Court. A plea bargain agreement was then executed whereby the prosecutor agreed to allow defendant to enter a plea to a misdemeanor offense if defendant cooperated in an investigation of two major drug dealers being conducted by the County of Macomb Enforcement Team (COMET).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Specifically, defendant represented that he could "assist the law enforcement agencies involved in the investigation of two major drug dealers identified to Lieutenant James Tuttle, dealing in kilo quantities of cocaine and hereafter referred to as the Drug Targets," and agreed in part:

> 4. That I will fully assist the law enforcement agencies involved in their investigation of the Drug Targets and other individuals who became suspects in this investigation; and further, I will make "hand to hand" buys and/or "reverse buys" and/or arrange to introduce third parties to the aforementioned individuals or their accomplices, as requested by the law enforcement agencies involved.

The agreement further provided:

> 8. That I fully understand that the agreement made by the Oakland County Prosecutor's Office in consideration for my cooperation will not be implemented until I have completely fulfilled my part of the Agreement. This agreement shall be reviewed six months from the date hereof to determine whether the investigations aforedescribed should be continued or terminated. . . . I agree to abide by the judgment of the Oakland County Prosecutor's Office as to whether I have completely fulfilled my part of this Agreement. I understand that the Oakland County Prosecutor's Office will be the ultimate judge of whether I have complied with the terms of this agreement.
> 9. That I fully understand that if I violate any part of this Agreement, the entire Agreement will be null and void and that the Oakland County Prosecutor's Office will immediately resume prosecution of the presently pending case . . . .

The prosecutor concluded that defendant did not comply with his obligation to cooperate with

COMET in its investigation and, accordingly, resumed prosecution on the felony charges. Defendant responded by moving for specific performance of the agreement. An evidentiary hearing was held at which defendant and Lieutenant Tuttle, an officer with the Michigan State Police and a supervisor of COMET, gave conflicting accounts of defendant's cooperation with COMET. The circuit court found that defendant did not cooperate with COMET but that defendant's cooperation with the investigations of other agencies fulfilled his obligation under the agreement. On October 28, 1987, the circuit court entered an order granting defendant's motion to enforce the agreement. When the prosecutor refused to amend the information so as to allow defendant to plead to a misdemeanor offense, the circuit court dismissed the case.

On appeal, the prosecution contends that the circuit court clearly erred by finding that defendant fulfilled his obligation under the agreement. We agree.

The circuit court's decision was based on the rule of substantial performance applied to commercial contracts. Under this rule, a party may enforce contractual rights if the other party obtains substantially what is called for by the contract. On the other hand, where deviations from the contract are such as would essentially change the terms of performance, this will be considered a failure of performance. Even if the deviations are not such as to change the terms of performance, the other party may be entitled to "extra compensation or damages" as a result of the deviation. *Gibson v Group Ins Co of Michigan,* 142 Mich App 271, 275-276; 369 NW2d 484 (1985), lv den 424 Mich 851 (1985).

In reviewing the circuit court's application of this rule to the agreement in this case, we initially

note that some contractual analogies have been applied to agreements executed between a prosecutor and defendant. For instance, the rule of construction providing that the agreement should be read as a whole and given a reasonable interpretation has been applied to cooperation agreements by the federal courts. See, for example, *United States v Brown,* 801 F2d 352 (CA 8, 1986). However, it seems clear that strict contractual analogies are not applied and that those principles peculiar to commercial transactions may not be applicable to agreements affecting the disposition of criminal charges. Instead, the agreement must be reviewed within the context of its function to serve the administration of criminal justice. See *People v Reagan,* 395 Mich 306, 313-314; 235 NW2d 581 (1975).

Whether or not the rule of substantial compliance, viewed in this context, should be applied to dispositional agreements affecting criminal charges need not be addressed in this appeal inasmuch as the rule, even if applicable, would not support the circuit court's finding that the agreement was substantially complied with. The only reasonable construction of the agreement as a whole is that defendant agreed to cooperate in a specific investigation being conducted by COMET involving the designated "Drug Targets." The prosecutor never consented to defendant's cooperation in other investigations involving other agencies and, hence, defendant's purported cooperation in those investigations would not support a finding that he fulfilled his obligation under the agreement.

The circuit court specifically found that defendant did not cooperate with COMET. On the basis of this finding, the circuit court should have concluded that defendant did not live up to his part of

the bargain and, hence, had no right to specific enforcement of the prosecutor's obligation to amend the information so as to allow defendant to plead guilty to a misdemeanor offense. Compare *People v Olsen,* 155 Mich App 294; 399 NW2d 66 (1986); *People v Acosta,* 143 Mich App 95, 98-99; 371 NW2d 484 (1985) (a defendant has no right to specific performance where he fails to meet an agreed-upon condition precedent). The circuit court's failure to make this finding was clearly erroneous. MCR 2.613(C).

For these reasons, we set aside the order of dismissal and reinstate the case. On remand, the prosecution may proceed to trial on the original felony charges.

Reversed and remanded. Jurisdiction is not retained.

T. Gillespie, J., concurs in the result only.