PEOPLE v ABRAMS

Docket No. 144613. Submitted January 13, 1994, at Lansing. Decided
February 24, 1994; approved for publication April 28, 1994, at
9:00 A.M. Leave to appeal sought.

Arthur Abrams was charged in the Oakland Circuit Court with
delivery of between 225 and 650 grams of cocaine and posses-
sion with intent to deliver between 50 and 225 grams of cocaine
arising from separate incidents. Pursuant to a plea agreement
with regard to the possession charge, he pleaded guilty of
possession with intent to deliver less than fifty grams of cocaine
and was sentenced to five years' probation. The plea agreement
required the defendant's cooperation in the prosecution of other
drug offenders and also provided that if he violated any part of
the agreement, including engaging in certain illegal activities,
the entire agreement would be null and void and the prosecu-
tion could prosecute the defendant for the charge of delivery of
between 225 and 650 grams of cocaine. The defendant cooper-
ated in the prosecution of more than fifty individuals involved
in the drug trade, but also committed certain acts in violation
of his probation. When informed that he would be prosecuted
for the probation violation and the delivery charge, the defen-
dant continued to cooperate with the authorities. He was found
guilty of violating his probation, sentenced to three to twenty
years in prison, and was again charged with the delivery of
between 225 and 650 grams of cocaine. The court, David F.
Breck, J., granted the defendant's motion to quash the informa-
tion and dismissed the delivery charge. The prosecution ap-
pealed.

The Court of Appeals held:

The trial court erred in dismissing the delivery charge be-
cause the defendant clearly failed to live up to his part of the
bargain. Although the defendant continued to cooperate with
the authorities, he did so voluntarily, outside the scope of the
agreement. The administration of criminal justice is best served

REFERENCES

Am Jur 2d, Criminal Law §§ 481, 484.
See ALR Index under Criminal Law; Plea Bargaining; Pleas.

by allowing the prosecution to pursue its case against the defendant on the basis of his breach of the agreement.

Reversed.

1. CRIMINAL LAW — PLEA AGREEMENTS — APPEAL.

> An agreement between a prosecutor and a defendant affecting the disposition of criminal charges must be reviewed within the context of its function of serving the administration of criminal justice, and the terms of such an agreement must be reviewed to determine whether the ends of justice will be served by their enforcement.

2. CRIMINAL LAW — PLEA AGREEMENTS — SPECIFIC PERFORMANCE.

> A defendant must abide by the contemplated terms of a plea agreement in order to seek enforcement of the agreement.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Randy E. Davidson*), for the defendant on appeal.

Before: WEAVER, P.J., and SHEPHERD and D. A. JOHNSTON, III,* JJ.

PER CURIAM. The prosecution appeals as of right from an order of the Oakland Circuit Court dismissing a charge against defendant alleging delivery of cocaine in an amount between 225 and 650 grams, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). We reverse.

Defendant was initially arrested in December 1987, and was charged with two drug offenses. One charge, the subject of this appeal, alleged the delivery of between 225 and 650 grams of cocaine. MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). A second charge, arising from a separate incident,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

alleged possession with intent to deliver between 50 and 225 grams of cocaine. MCL 333.7401(2)(a) (iii); MSA 14.15(7401)(2)(a)(iii).

Defendant ultimately pleaded guilty of a reduced charge on the latter offense, and was initially placed on probation. However, after defendant violated his probation by engaging in certain illegal activities, he was sentenced to three to twenty years in prison. That matter is not before us in this appeal.[1]

Relevant to this appeal, after defendant was arrested, he entered into a written agreement with the Oakland County Prosecutor's Office on February 2, 1988. Among other things, defendant agreed to cooperate in the investigation and prosecution of others involved in the drug trade; to give a truthful statement or plead guilty of the other charge of possession of between 50 and 225 grams of cocaine; to arrange and participate in various police sting operations; to not contest the forfeiture of certain property valued in excess of $100,000; and to not engage in any future criminal activity. The written agreement also provided that if defendant violated any part of the agreement, then the entire agreement would be null and void, and the prosecutor's office would be free to prosecute defendant for the instant offense or any other offense. Thereafter, defendant began cooperating in the prosecution of over fifty individuals involved in the drug trade.

On March 31, 1988, defendant pleaded guilty in the other case of the reduced charge of possession with intent to deliver less than fifty grams of

---

[1] Defendant's conviction of the probation violation in the other case involving the possession of less than fifty grams of cocaine was affirmed by this Court in *People v Abrams,* unpublished opinion per curiam of the Court of Appeals, decided September 6, 1991 (Docket No. 127506).

cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)
(a)(iv), and received five years' probation.

Then, apparently by November 1989, the Oakland County Prosecutor's Office learned that defendant was using drugs and that he had committed other violations of his probation.[2] Defendant continued to cooperate in a federal prosecution that took place in November and December of 1989. Although defendant was informed that as a result of his criminal activity he would be prosecuted for the instant offense and for the probation violation in the other case, defendant indicated that he would continue to cooperate with authorities.

At a hearing held on February 21, 1990, defendant was found guilty of violating his probation in the other case, and was sentenced to a term of three to twenty years in prison. Then, on February 22, 1990, defendant was charged in the instant case with delivery of between 225 and 650 grams of cocaine.

After waiving a preliminary examination, defendant filed a pretrial motion on August 9, 1990, seeking to quash the information in the instant case. Defendant argued that the charges were in violation of his agreement with the prosecutor's office. Defendant acknowledged that he pleaded guilty of the probation violation in the other case.

[2] At the hearing in the other case where defendant was sentenced to 3 to 20 years, the prosecutor placed the following statement on the record:

> He has testified a lot in court. I will concede that. In addition, though, to using controlled substances, there is evidence in sworn testimony in federal court from Mr. Abrams himself that he has delivered controlled substances on two or three occasions while on probation; that he had fraudulently obtained a urinalysis sample for a friend who was on parole or probation and that he was involved in a fraudulent scheme with his wife or ex-wife whereby items were obtained, knowingly obtained, with NSF checks and then turned in for cash refunds, so there is quite a number of violations.

However, defendant stated that while the prosecutor's office was aware of his ongoing drug addiction, they assured him that his continued cooperation in the prosecution of numerous drug offenders would be in his best interest.

Following an evidentiary hearing regarding defendant's motion to quash the information, the trial court granted the motion. In a detailed written opinion, the trial court concluded in pertinent part as follows:

> Therefore, the Court must review the agreement within the context of its function to serve the administration of criminal justice. In this case this Court finds that the administration of criminal justice was well served through the cooperation of Defendant. His help was valuable in convicting numerous persons involved in drug dealing in this area. This Court also notes that the police officers knew that Defendant was having problems with drugs, but continued to use him until he finished testifying in the Federal trial. While this Court is aware that Defendant agreed to testify even though he was told that these present charges would be brought, this Court still finds the conduct of the police and/or prosecutor questionable. Finally, this Court also notes that Lt. Jefferson opined that the sentence given [in the other related case] was sufficient punishment.
>
> As this Court finds that Defendant's cooperation was extremely valuable and that Defendant, to some extent, has been punished, this Court concludes that the administration of justice was well served by this agreement. Therefore, this Court will dismiss the charges pending against Defendant in this case.

Herein, the prosecution appeals from the order dismissing the charge against defendant. The prosecution argues that the trial court erred in dismissing the charge against defendant because de-

fendant clearly failed to live up to his part of the bargain. We agree.

In *People v Jackson,* 192 Mich App 10, 15; 480 NW2d 283 (1991), this Court stated that cooperation agreements that affect the disposition of criminal charges must be reviewed within the context of their function to serve the administration of criminal justice. See also *People v Walton,* 176 Mich App 821, 825; 440 NW2d 114 (1989); *People v Reagan,* 395 Mich 306, 313-314; 235 NW2d 581 (1975). Contractual analogies may not be applicable, and so the terms of an agreement must be reviewed to determine whether the ends of justice are served by enforcing the terms. *Id.; Jackson, supra* at 15.

In the case at bar, the parties agree upon two crucial acts: (1) that defendant did indeed breach one of the terms of his agreement by continuing to engage in criminal activity; and (2) that defendant agreed to continue to cooperate with authorities after being informed that he would be prosecuted in the instant case, and also in the other drug possession case as a probation violator.

In *Walton, supra* at 825-826, this Court held that where a defendant has not lived up to his part of the bargain, he has no right to specific performance. This general principle was also noted in the context of a plea bargain in *People v Garvin,* 159 Mich App 38, 44; 406 NW2d 469 (1987), as follows: "a defendant must abide by the contemplated terms of a plea agreement in order to seek enforcement of the agreement."

In the case at bar, there is no dispute that defendant did not abide by all of the terms of his agreement. The agreement specifically provided that he could be prosecuted if he engaged in criminal activity. And, the agreement clearly indicated that violation of any of the terms of the

agreement voided the entire agreement. While defendant continued to cooperate with authorities in the prosecution of numerous other drug offenders, we must conclude that he continued to do so voluntarily, outside the scope of the agreement, because he had been informed of his own impending prosecution for his breach of the agreement.

Thus, we conclude that the administration of criminal justice is best served by allowing the prosecution to pursue its case against defendant for his breach of the agreement. *Walton, supra* at 825-826. The trial court clearly erred in finding otherwise. *Id.* at 826; MCR 2.613(C).

Reversed.