PEOPLE v HANNOLD

Docket No. 162859. Submitted February 20, 1996, at Lansing. Decided July 2, 1996, at 9:05 A.M. Leave to appeal sought.

Jack L. Hannold, Jr., was convicted by a jury in the Eaton Circuit Court, G. Michael Hocking, J., of possession with intent to deliver 50 grams or more but less than 225 grams of cocaine and was sentenced to ten to twenty years of imprisonment after the court set aside the defendant's guilty plea of possession with intent to deliver less than fifty grams of cocaine. The guilty plea, which was tendered as part of a plea bargain, was set aside on the basis of the defendant's failure to abide by a term under the plea agreement to cooperate in the investigation and prosecution of another person. The term was set forth in a sealed document in the court file, but was not placed on the record. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion or clearly err in setting aside the guilty plea. The trial court was aware of provisions of the sealed agreement, harmless error resulted from the failure to incorporate the terms of the sealed agreement in the record, and there was sufficient evidence to support the finding that the defendant breached the plea agreement. The defendant is not entitled to specific performance of the agreement in light of his breach of its terms, and the ends of justice would not be served by enforcing the agreement.

2. Incriminating statements made by the defendant to the police were not made in the context of plea negotiations and their admission into evidence therefore did not violate MRE 410.

3. The trial court did not abuse its discretion in concluding that certain postarrest factors did not constitute substantial and compelling reasons to depart from the statutory minimum sentence.

Affirmed.

1. CRIMINAL LAW — PLEA BARGAINS.

The complete terms of a plea agreement must be placed on the record (MCR 6.302[A],[C][1],[2]).

2. CRIMINAL LAW — PLEA BARGAINS.

    A plea agreement under which a defendant agrees to cooperate in the
    investigation and prosecution of another person must be reviewed
    within the context of its function to serve the administration of
    criminal justice; because contractual analogies may not be applica-
    ble, the terms of the agreement must be reviewed to determine
    whether the ends of justice are served by enforcing the terms.

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *Jeffrey L. Sauter*, Prosecut-
ing Attorney, and *William M. Worden*, Assistant Pros-
ecuting Attorney, for the people.

State Appellate Defender (by *Chari K. Grove*), for
the defendant on appeal.

Before: NEFF, P.J., and SMOLENSKI and D. A. JOHN-
STON,* JJ.

PER CURIAM. Defendant was charged with and ulti-
mately convicted by a jury of possession with intent
to deliver 50 grams or more but less than 225 grams
of cocaine, MCL 333.7401(1) and (2)(a)(iii); MSA
14.15(7401)(1) and (2)(a)(iii). Defendant was sen-
tenced to a term of ten to twenty years' imprison-
ment. Defendant appeals as of right. We affirm.

I

On March 6, 1992, and before defendant's jury trial
in this case, a plea agreement was reached between
the prosecution and defendant. On the record at the
plea proceeding, defendant agreed to and did plead
guilty of possession with intent to deliver less than
fifty grams of cocaine in exchange for a dismissal of
the charged offense at sentencing. Defendant stated
that no other promises or threats had been made to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

him to cause him to plead guilty. Defendant's sentenc-
ing was set for approximately three months later on
June 4, 1992. On March 9, 1992, the prosecution sent
the following letter to defense counsel:

> Your client, Jack Hannold, plead [sic] guilty to Count II.
> [sic] Possession With Intent to Deliver Less Than 50 Grams
> of Cocaine on 3/6/92. This plea was entered pursuant to a
> plea agreement in which the People will be dismissing
> Count I. [sic] at sentencing.
>
> An additional part of this plea agreement (which was not
> placed on the record) is that Jack Hannold agrees to give
> all assistance to the police including testimony and full
> statement in an investigation involving John Hud Grover.
>
> This letter will be sent to Judge Hocking to be sealed and
> placed in the Court file.

Defendant's sentencing was adjourned. On July 21,
1992, the prosecution moved to set aside the plea
agreement on the ground that defendant had failed to
comply with the terms of the sealed agreement. Spe-
cifically, the prosecution alleged the following:

> 4. Based on Defendant's statement, the prosecution
> charged John Hud Grover with Conspiracy to Deliver
> Between 50- 224 Grams of Cocaine (based on the same inci-
> dent from which Defendant was charged).
>
> 5. The prosecution started extradition proceedings to
> bring Mr. Grover back from Vermont, [sic] eventually,
> Grover returned to Michigan on his own.
>
> 6. On July 17, 1992, at John Hud Grover's preliminary
> examination; [sic] Defendant Hannold was subpoenaed to
> testify. Hannold (through his attorney) indicated he had lied
> in his statement implicating Grover and refused to testify
> against John Hud Grover.

At the September 3, 1992, hearing on the prosecu-
tion's motion to set aside defendant's plea, the exis-

tence and terms of the sealed agreement were not disputed. Rather, defense counsel confirmed the terms of the sealed agreement:

> Mr. Prosecutor—Mr. Sauter correctly indicates that there was a plea on March 6 which required Mr. Hannold to provide certain assistance to the police including testimony against a certain individual.

Defense counsel explained that defendant had been scheduled to but had not testified at Grover's preliminary examination because defendant had received threatening telephone calls and because Grover had put a gun to defendant's head two days before Grover's preliminary examination and "made it very clear what would happen if [defendant] testified two days later." Defense counsel further explained that he had met with defendant the day of the preliminary examination and that defendant, while not revealing Grover's threats, had told him that Grover "had nothing to do with the drugs and it was someone else." Defense counsel stated that he informed the prosecutor's office of this information and that the charges against Grover were dropped. Defense counsel conceded that defendant had failed to fully comply with the sealed agreement because of the threats, but indicated that "if the Prosecutor wants to provide [defendant's] family some limited type of protection, he's perfectly willing to go through with his end of the bargain."

The trial court then stated:

> Well it's clear from the statements on the record that Mr. Hannold has not abided by the terms of the plea agreement. I remember this case, because one of the terms was not placed on the record for security purposes and was placed

in the court file in a sealed envelope. And that appears to be the term that the Defendant admittedly is refusing to comply with.

Whether he has a good reason or not, he can't have his cake and eat it, too. He can't have a plea to a lesser charge and yet not go forward with what he agreed to do in exchange for that. A classic breach of contract if nothing else.

The trial court set aside defendant's guilty plea and reinstated the charge of possession with intent to deliver 50 grams or more but less than 225 grams of cocaine. After substitute counsel was appointed for defendant, the court denied defendant's motion for reconsideration. Defendant was subsequently convicted as charged at his jury trial.

On appeal, defendant raises several grounds for his argument that the trial court erred in setting aside his plea. First, defendant argues that the trial court erroneously found that defendant had breached the sealed agreement. Specifically, defendant argues that there is no indication that the court was even aware of the terms of the sealed agreement where such terms were not placed on the record. Defendant contends that, accordingly, the court erred in setting aside defendant's plea simply on the prosecution's allegation that defendant had not abided by the terms of the agreement.

The court rules provide that before accepting a guilty plea, the trial court must ascertain both whether a plea agreement has been made and, if so, the terms of the agreement. MCR 6.302(A) and (C)(1)-(2). In this case, the record indicates that the court and the parties did not fully comply with the requirements of MCR 6.302(C)(1) and (2) where the terms of

the sealed agreement were not placed on the record. This was error. We take this opportunity to emphasize that we do not condone such agreements or procedure and in fact strongly disapprove of plea agreements not fully and openly set forth on the record.

However, we note that on appeal defendant does not question either the existence of the sealed agreement or its terms. The record below reveals that the terms of the agreement were set forth in the March 9, 1992, letter. In this letter, the prosecution informed defense counsel that the letter would be sent to the trial court. At the September 3, 1992, hearing on the motion to set aside defendant's plea, the court stated, "I remember this case, because one of the terms was not placed on the record for security purposes and was placed in the court file in a sealed envelope." Thus, the record indicates that the court did not simply rely on the prosecution's allegation that defendant had breached the agreement but rather was actually aware of the terms of the sealed agreement. Defendant's argument to the contrary is without merit. Moreover, although it was not specifically raised as an issue on appeal by defendant, we conclude that despite our reservations concerning the procedure used in this case, the court's and the parties' failure to fully comply with MCR 6.302(C)(1) and (2) was harmless error under the circumstances. See MCR 2.613(A) and MCL 769.26; MSA 28.1096.

As an additional ground for his argument that the court's finding of breach was erroneous, defendant next argues that the court did not have sufficient evidentiary support for its finding that defendant had breached the agreement. Defendant points out that the court did not ask defendant if he was refusing to

testify and that defense counsel indicated that defendant would testify, but that defendant was scared and wanted the police to check into the threats. Again, this argument misconstrues the actual record below. At the September 3, 1992, hearing on the motion to set aside the plea, the issue was not whether defendant would be willing to testify but rather was whether defendant had previously refused to testify. On the latter issue, defense counsel informed the court at this hearing that defendant had not testified at Grover's preliminary examination. Defense counsel further conceded that defendant had not fully complied with the terms of the sealed agreement. Accordingly, we conclude that the court's finding that defendant had breached the agreement was not clearly erroneous. MCR 2.613(C); *People v Abrams*, 204 Mich App 667, 673; 516 NW2d 80 (1994).

Next, defendant argues that despite his breach, the court nevertheless erred in setting aside his plea.

MCR 6.310(C) provides as follows:

> On the prosecutor's motion, the court may vacate a plea before sentence is imposed if the defendant has failed to comply with the terms of a plea agreement.

As explained in *Abrams*:

> [C]ooperation agreements that affect the disposition of criminal charges must be reviewed within the context of their function to serve the administration of criminal justice. Contractual analogies may not be applicable, and so the terms of an agreement must be reviewed to determine whether the ends of justice are served by enforcing the terms. [204 Mich App 672 (citations omitted).]

The language of MCR 6.310(C) and the accompanying staff comment indicate that this Court reviews for

an abuse of discretion a trial court's decision to vacate a plea based on a defendant's noncompliance with a plea agreement. However, cases reviewing such decisions have applied the clearly erroneous standard of review. See *Abrams, supra* at 673; *People v Walton,* 176 Mich App 821, 826; 440 NW2d 114 (1989).

In this case, there is no dispute that defendant failed to abide with all the terms of the sealed agreement. Defendant contends that he did not willingly renege on the plea agreement but rather withheld his testimony because of the death threats he received. Defendant faults the prosecutor for moving to set aside the plea instead of attempting to protect him. However, the fact that the terms of the plea agreement concerning defendant's cooperation were initially sealed indicates that there must have been some concern or contemplation that threats would arise. Moreover, defense counsel informed the court at the September 3, 1992, motion to set aside defendant's plea that defendant did not reveal Grover's death threats when defendant told him on the day of Grover's preliminary examination that Grover had "nothing to do with the drugs and it was someone else." Thus, it appears that defendant did not give the prosecutor an opportunity to protect him.

Defendant contends that some consideration should be given to the fact that he allegedly cooperated by making incriminating statements to the police shortly after being arrested on October 3, 1991. However, at the September 3, 1992, hearing on the motion to set aside the plea, defense counsel, after confirming the terms of the sealed agreement, indicated that defendant first met with police pursuant to the agree-

ment on March 20, 1992. Thus, as discussed more fully below, our review of the record indicates that the statements relied on by defendant as evidence of his cooperation were not connected to defendant's plea agreement.

Defendant argues that he is entitled to specific performance of the agreement. However, a defendant who has not lived up to his part of a plea bargain has no right to specific performance. *Abrams, supra.*

Finally, defendant argues that the trial court erred in blindly adhering to contract principles rather than recognizing that it had the discretion to determine whether to set aside the plea. It is true that the trial court stated that defendant had committed a "classic breach of contract." Although a strict contract analogy may not be applicable to plea agreements, the fact remains, as noted by the trial court, that defendant did not "give all assistance to the police including testimony" when he changed his story and failed to testify at Grover's preliminary examination. Defendant's breach cannot be undone by defendant's statement that he is still willing to testify if additional consideration—police protection—is granted him. Defendant's breach led to the dismissal of charges against Grover. Even if defendant were compelled or convinced to testify at renewed proceedings against Grover, defendant is now a tainted witness. It is too late for defendant to undo the damage he has done to the prosecution's case against Grover. Accordingly, we conclude that the administration of criminal justice was properly served in this case by the trial court's grant of the prosecutor's motion to set aside defendant's guilty plea. *Abrams, supra; Walton, supra; People v Acosta,* 143 Mich App 95, 99; 371

NW2d 484 (1985). We find no abuse of discretion or clear error.

II

Next, defendant argues that incriminating statements he made to the police on the day he was arrested (October 3, 1991) were erroneously admitted at trial. Specifically, defendant contends that these statements were made in the context of plea negotiations and therefore were admitted in violation of MRE 410 (inadmissibility of pleas, plea discussions, and related statements). However, defendant failed to object at trial to the admission of these statements. Accordingly, this issue is not preserved. *People v Mooney*, 216 Mich App 367, 375; 549 NW2d 65 (1996). In any event we find no error. Our review of the trial record, including defendant's trial testimony, reveals no evidence or indication that defendant had a subjective expectation to negotiate a plea when he made his incriminating statements to the police on October 3, 1991. Nor is there any evidence or indication that any such expectation would have been reasonable under the circumstances. See, generally, *People v Dunn*, 446 Mich 409, 415-416; 521 NW2d 255 (1994). Moreover, the record clearly reveals that no prosecuting attorney was present at the time defendant made his incriminating statements to the police. Thus, MRE 410, which was amended two days before defendant was arrested in this case, is simply inapplicable. Because the statements were not erroneously admitted, defendant has failed to demonstrate that counsel erred in failing to object to their admission. *People v Briseno*, 211 Mich App 11, 17; 535 NW2d 559 (1995).

III

Finally, contrary to defendant's contention, the sentencing court did not refuse to consider postarrest factors in deciding whether to depart from the statutory ten-year minimum sentence. See MCL 333.7401(4); MSA 14.15(7401)(4). Rather, the court found that the postarrest factors presented to it did not constitute substantial and compelling reasons to depart from the statutory minimum sentence. After reviewing the record, we conclude that this determination did not constitute an abuse of discretion. *People v Fields*, 448 Mich 58, 78; 528 NW2d 176 (1995).

Affirmed.