HAGUE v. DeLONG.

1. PLEADING—ATTACHED EXHIBITS—VARIANCE—BASIS OF ACTION.
   When there is a variance between a pleading and an exhibit attached thereto, if such exhibit is not the basis of the action, the pleading is controlling.

2. DISMISSAL AND NONSUIT—CONTRACT ACTION—VARIANCE BETWEEN PLEADING AND EXHIBITS.
   Dismissal of declaration in assumpsit, without going to trial to determine what the actual contract was where declaration claimed commission for sale of defendants' shares of stock in a corporation because letter, attached to declaration as an exhibit, referred to oral contract for the sale of a business, which had real estate among its assets, held, error, where plaintiffs' affidavit in opposition to motion to dismiss stated the contract was one for the sale of stock.

3. CONTRACTS—CONSTRUCTION BY PARTIES.
   Construction placed by the parties themselves upon a contract of sale negotiated by plaintiffs for defendant stockholders must be considered as having great weight.

4. FRAUDS, STATUTE OF—CONTRACT TO PAY COMMISSIONS—TRANSFER OF STOCK.
   Defendants who effected sale of business through plaintiff brokers by transferring stock of corporation owning the business, transferred personalty, hence contract to pay commission was not within statute of frauds (3 Comp. Laws 1929, § 13417).

5. SAME—OPTION TO PURCHASE REALTY.
   Option to purchase realty is not the sale of interest in realty within the statute of frauds (3 Comp. Laws 1929, § 13417).

6. CORPORATIONS—INTEREST OF STOCKHOLDERS.
   While stockholders may be said to own the business of a corporation, in a remote sense, from a legal standpoint all they own is the stock in the corporation.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted October 5, 1937. (Docket No. 27, Calendar No. 39,652.) Decided December 14, 1937.

Assumpsit by Samuel Hague and others, copartners, doing business under the firm name and style of Whitlock, Smith & Company, against David A. DeLong and others, individually and as trustees for E. J. Lapointe, June Lapointe Bridges and Esther E. Lapointe for commission due on the sale of stock. From order dismissing cause, plaintiffs appeal. Reversed.

*Beaumont, Smith & Harris (Hal H. Smith, Frank B. DeVine* and *Lewis S. Robinson,* of counsel), for plaintiffs.

*Burke & Burke* and *Raymond A. Fox,* for defendants.

BUTZEL, J. Whitlock, Smith & Company, brokers in the city of Detroit, brought suit to collect a commission from defendants for securing a customer for the purchase of their stock in the American Broach & Machine Company. They alleged in their declaration that their dealings were with Francis J. Lapointe, who, besides being a large stockholder in the American Broach & Machine Company, also represented all the other stockholders, all of whom are defendants herein and who together owned the capital stock of the company. Plaintiffs claim that they were to receive a commission upon the sale of the capital stock based upon the net worth of the company, which was to be estimated by an audit and appraisal plus 10 per cent. for good will and patents,

and that they did secure such a customer. An exhibit, attached to the declaration and referred to therein, consists of a letter addressed by plaintiff's agent to defendant Francis J. Lapointe, stating that the negotiations were to be handled in the name of plaintiffs and that if it should be possible for them to work out a deal for the sale of all or a portion of the "business" on terms satisfactory to the sellers, along the lines and conditions discussed the previous day, plaintiffs would want a commission of 10 per cent. if, when, and as payments were made.

Plaintiffs further allege that they attempted to interest a number of responsible manufacturers, and finally succeeded in securing the Sundstrand Machine Tool Company as a purchaser of the capital stock of the American Broach & Machine Company. Prior to the sale being consummated, the American Broach & Machine Company first deeded its real estate to the stockholders, who thereupon gave a lease and option to the purchaser, thus eliminating the real estate from the assets in determining the net worth of the company and fixing a price for the stock. Sundstrand Company gave to the defendants 29,145 shares of the Sundstrand stock in payment for the American Broach & Machine Company stock. Defendants made a motion to dismiss on the ground that the declaration had attached to it a letter of plaintiff's agent; that the letter referred to the sale of the business; that "business" meant assets, which included real estate; and that for this reason, the contract was for the sale of real estate as well as personal property and not being in written form was void under the statute of frauds (3 Comp. Laws 1929, § 13417). The trial judge granted the motion and plaintiff appeals from the order of dismissal.

The cause of action is not based upon the letter but upon the oral contract made the previous day. When

there is a variance between a pleading and an exhibit attached thereto, if such exhibit is not the basis of the action, the pleading is controlling. *Bailey Construction Co.* v. *Cornett,* 198 Ky. 143 (248 S. W. 235); *Harger* v. *Warner,* 185 Ind. 691 (114 N. E. 407). The pleading only alleges a contract for the sale of stock. The affidavit introduced by plaintiff on the motion to dismiss stated that the contract was for the sale of stock. It was error to dismiss without going to trial to determine what the actual contract was.

The sale itself was consummated by the sale of stock. The construction placed upon the sale by the parties themselves must be considered as having great weight. *McIntosh* v. *Groomes,* 227 Mich. 215; *Lower* v. *Muskegon Heights Co-operative Dairy,* 251 Mich. 450. Plaintiffs call attention to the fact that the sale of business could mean only the sale of stock. The contract was with the stockholders who did not own the business but only the stock. What they transferred consisted of stock, which unquestionably is personalty. *Auditor General* v. *Bassett's Estate,* 246 Mich. 440. An option to purchase realty was given to the Sundstrand Company but this is not a sale of interest in realty within the statute of frauds. *Mullholland* v. *Patch,* 205 Mich. 490 (18 A. L. R. 468). The realty was never sold to the Sundstrand Company. While it may be claimed in a remote sense the stockholders own the business, nevertheless from the legal point of view all they owned and had for sale was the stock in the corporation.

The motion to dismiss should have been denied. The order of dismissal is reversed, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.