PEOPLE v NIXTEN

Docket No. 112257. Submitted January 5, 1990; at Detroit. Decided
April 2, 1990. Leave to appeal applied for.

Jerry E. Nixten was convicted by a Mecosta Circuit Court jury of
delivery of more than fifty but less than 225 grams of a
mixture containing cocaine. The Court of Appeals reversed the
conviction and remanded the case for a new trial. 160 Mich
App 203 (1987). On remand, defendant agreed to plead guilty to
a reduced charge of delivery of less than fifty grams of a
mixture containing cocaine, with the prosecution's assurance
that it would recommend that the minimum sentence not
exceed eight years. Defendant was sentenced to eight to twenty
years of imprisonment. Defendant moved to withdraw his plea
and for a resentencing. The trial court denied the motion for
withdrawal of the plea, but granted the motion for resentenc-
ing. At the resentencing hearing, the prosecution recommended
a specific minimum sentence of seven years, eleven months and
twenty-eight days. The trial court, John R. DeVries, J., imposed
a sentence whose minimum was consistent with the recommen-
dation and whose maximum was twenty years. Defendant
appealed.

The Court of Appeals *held:*

A trial court is not bound by any sentencing agreement
negotiated between a defendant and the prosecution. However,
once a trial court accepts a plea which was induced by such an
agreement, the terms of that agreement must be fulfilled.
Where the agreement is subsequently breached, a reviewing
court has discretion to choose between vacating the plea or
ordering specific performance of the agreement, with defen-
dant's choice of remedy accorded considerable weight. In this
case, the prosecution breached the agreement when it recom-
mended a specific minimum term as opposed to a general
recommendation that the minimum not exceed eight years.
Inasmuch as defendant is not asserting innocence and is merely

REFERENCES

Am Jur 2d, Criminal Law §§ 481, 484, 485, 504.
See the Index to Annotations under Drugs and Narcotics; Plea
Bargaining.

complaining of the agreement's breach, the appropriate remedy for this breach is specific performance of the agreement.

Remanded for resentencing by a different judge.

Sawyer, J., dissented. He would affirm and hold that the prosecution's recommendation comported with the plea agreement.

Criminal Law — Plea Bargains — Sentencing Agreements — Appeal.

A trial court is not bound by any sentencing agreement negotiated between a defendant and the prosecution; however, once a trial court accepts a plea which was induced by such an agreement, the terms of that agreement must be fulfilled; where the agreement is subsequently breached, a reviewing court has discretion to choose between vacating the plea or ordering specific performance of the agreement, with defendant's choice of remedy accorded considerable weight.

*Frank J. Kelley,* Attorney General, *James R. Samuels,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *F. Michael Schuck*), for defendant on appeal.

Before: Cavanagh, P.J., and Sawyer and T. G. Kavanagh,* JJ.

T. G. Kavanagh, J. On April 9, 1985, a Mecosta Circuit Court jury convicted defendant of delivery of more than fifty grams but less than 225 grams of a mixture containing cocaine, MCL 333.7401(1) and (2)(a)(iii); MSA 14.15(7401)(1) and (2)(a)(iii). Thereafter, defendant was sentenced to thirteen years, four months to twenty years of imprisonment. On March 25, 1987, a panel of this Court reversed defendant's conviction and remanded the instant action for a new trial. *People v Nixten,* 160

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

Mich App 203; 408 NW2d 77 (1987). On remand, defendant pled guilty to delivery of less than fifty grams of a mixture containing cocaine, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv), and was sentenced to eight to twenty years of imprisonment. Subsequently, defendant moved to withdraw his plea and for resentencing. The circuit court denied his withdrawal request, but granted his sentencing request. On July 29, 1988, defendant was resentenced to seven years, eleven months and twenty-eight days to twenty years of imprisonment. He appeals as of right. We remand for resentencing.

Defendant argues that the prosecution breached the plea agreement. A trial court is not bound by any sentencing agreement negotiated between a defendant and the prosecution. *People v Killebrew,* 416 Mich 189, 207; 330 NW2d 834 (1982). However, once a trial court accepts a plea which was induced by such an agreement, the terms of that agreement must be fulfilled. *Santobello v New York,* 404 US 257, 262; 92 S Ct 495; 30 L Ed 2d 427 (1971). Where the agreement is subsequently breached, a reviewing court has discretion to choose between vacating the plea or ordering specific performance, with defendant's choice of remedy accorded considerable weight. *People v Peters,* 128 Mich App 292, 295; 340 NW2d 317 (1983).

In the instant case, defendant pled guilty in exchange for a reduction in the charged offense and a promise that "the People will recommend that the minimum sentence in this case not exceed eight years." The prosecution did not honor its promise and make the aforementioned *general* sentencing recommendation at the July 29, 1988, resentencing proceeding. Instead, the prosecution recommended, and the sentencing court adopted, a *specific* minimum sentence of "7 years, 11 months,

28 days." This latter recommendation violates the agreement, if not in letter then certainly in spirit.

In *In re Valle,* 364 Mich 471, 477-478; 110 NW2d 673 (1961), our Supreme Court stated:

> If the evidence establishes that the prosecutor or the judge has made a statement which fairly interpreted by the defendant (in our case of foreign extraction and with only an eighth-grade education, presumably in court for the first time) is a promise of leniency, and the assurance is unfulfilled, the plea may be withdrawn and the case proceed to trial.

We believe that, when the prosecution stated on the record at the plea hearing that defendant's plea was induced in part by a promise that "the People will recommend that the minimum sentence in this case not exceed eight years," defendant could have fairly interpreted this statement to mean that the prosecution would stand before the sentencing court and state: "The People recommend that the minimum sentence not exceed eight years." Such a general sentencing recommendation permits the sentencing court to infer that it could impose *any* minimum sentence between one year and eight years, including a minimum sentence that fell within the applicable guidelines range, in this case within the range of thirty to forty-two months, and by doing so impose a sentence compatible with the prosecution's recommendation. Put another way, a general recommendation of this nature leaves the sentencing court's discretion to impose *any* minimum sentence less than eight years unfettered by any suggestion of a specific sentence made by the prosecution. Accordingly, we conclude that defendant could have reasonably interpreted the prosecution's promise as one of leniency, leaving open the possibility of the

imposition of a minimum sentence significantly less than eight years. Given that the prosecution recommended a specific sentence, and that the sentencing court adopted that sentence recommendation, we conclude that the prosecution's action unnecessarily restricted the court's discretion and left unfulfilled the prosecution's assurance of leniency. The sentencing agreement was breached. However, because defendant is not asserting his innocence and is merely complaining that the prosecution did not keep its part of the bargain, we find that specific performance is the appropriate remedy. *People v Kenneth Johnson,* 122 Mich App 26, 29-30; 329 NW2d 520 (1982). We remand for resentencing before a different judge. *People v Evans,* 156 Mich App 68, 72; 401 NW2d 312 (1986).

Remanded. We do not retain jurisdiction.

CAVANAGH, P.J., concurred.

SAWYER, J. *(dissenting).* I respectfully dissent. I agree with the majority that the defendant's conviction should be affirmed. I disagree with the analysis which would result in the defendant's having to be resentenced.

In the case before us, it is clear after reading the transcript that the court went to great lengths to ascertain whether the defendant understood the plea agreement before it accepted the plea. The court specifically inquired of the defendant about his understanding of the agreement that had been proposed. The record reflects that the following colloquy took place between the court and the defendant:

*The Court:* Now, the prosecutor has made a recommendation in your case. That is the Court impose a sentence that would not exceed 8 to 20 years. Under Michigan law, we have to have two

numbers, a minimum number and a maximum number. The minimum he's recommending is 8 years. So, the maximum sentence the Court could impose under the prosecutor's recommendation would be the minimum of 8 to the maximum of 20. Do you understand that to be the prosecutor's recommendation?

*The Defendant:* That I'm not supposed to get no more than eight years minimum?

*The Court:* Right. Eight years is the minimum under the prosecutor's recommendation.

*The Defendant:* Yes.

*The Court:* 20 years, by law, has to be the maximum, but 8 years is what the prosecutor is making the recommendation on.

*The Defendant:* Yes, sir.

I find that the record clearly indicates that all of the parties to the plea agreement knew that the people would recommend no more than an eight-year minimum prison term and what that meant. Therefore, the prosecutor's recommendation of a minimum sentence of seven years, eleven months, twenty-eight days comported with the above-mentioned plea agreement since it was less than the eight-year minimum prison term both parties had agreed to.

To say otherwise would prohibit a prosecutor from recommending less than he originally said he would, e.g., county jail time or probation. That result clearly would not advance justice. I, therefore, would affirm.