PEOPLE v SWIRLES

Docket No. 168756. Submitted June 8, 1994, at Detroit. Decided
August 2, 1994, at 9:00 A.M.

Thomas R. Swirles pleaded guilty in the Midland Circuit Court,
Paul J. Clulo, J., of armed robbery and possession of a firearm
during the commission of a felony pursuant to a plea bargain
and sentencing agreement, and was sentenced to twenty-five to
fifty years' imprisonment for the armed robbery conviction. The
defendant appealed, claiming that the prosecution breached the
sentencing agreement by recommending the longest minimum
sentence under the sentencing guidelines instead of making a
general recommendation that the minimum be within the five-
to twenty-five-year range of the guidelines.

The Court of Appeals *held:*

The record in this case is unclear with respect to whether the
prosecution agreed to make a general recommendation that the
minimum sentence fall within the guidelines or whether the
prosecution agreed to recommend a specific sentence that falls
within the guidelines. The case must be remanded for a deter-
mination of the actual terms of the agreement and for specific
performance of the agreement. If the trial court determines
that the prosecution breached the sentencing agreement, the
court must resentence the defendant in accordance with *People
v Shuler,* 188 Mich App 548 (1991), and *People v Nixten,* 183
Mich App 95 (1990).

Remanded.

MICHAEL J. KELLY, P.J., concurring, stated that a prosecutor's
promise to recommend sentencing within the guidelines can
mean that the prosecutor intends to recommend a specific
sentence that is within the guidelines. A defendant approves
such a specific recommendation by not objecting at sentencing.

1. SENTENCES — SENTENCING AGREEMENTS.

A sentencing agreement that provides for a general recommenda-
tion by the prosecution that the minimum sentence of impris-

REFERENCES

Am Jur 2d, Criminal Law §§ 481, 485.
See ALR Index under Guilty Plea.

onment be within the range recommended by the sentencing guidelines is breached where the prosecution recommends a specific minimum sentence.

2. SENTENCES — SENTENCING AGREEMENTS.

The terms of a sentencing agreement must be fulfilled where a defendant's plea of guilty is induced by the agreement.

State Appellate Defender (by *Daryl D. Mack*), for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and FITZGERALD and CORRIGAN, JJ.

PER CURIAM. Defendant appeals as of right his plea of guilty of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and his sentence of twenty-five to fifty years of imprisonment for the armed robbery conviction. Defendant pleaded guilty pursuant to the prosecutor's promise to dismiss a charge of conspiracy to commit armed robbery and a charge of being an habitual offender in this case and to dismiss charges in another case of unlawfully driving away an automobile, conspiracy, and of being an habitual offender. The prosecutor and defendant also negotiated a sentencing agreement. We affirm defendant's plea-based conviction but remand for further proceedings regarding the scope of the prosecutor's promise relating to the sentencing recommendation.

Defendant claims that the prosecutor breached the sentencing agreement by recommending a sentence of twenty-five years, a specific top end of the guidelines' sentence, instead of honoring his promise to make a general recommendation of a sentence of five to twenty-five years. Whether the prosecutor breached the agreement depends on the

exact terms of the agreement. At the rearraignment, the prosecutor stated:

> [T]he People are making a Briggs-Killebrew sentence recommendation that the defendant receive an initial sentence within that recommended by the sentencing guidelines as determined by the court at the time of sentencing.
>
> [W]e believe the minimum range is going to fall between 5 to 25, but I think that's something that ultimately will have to be determined by the court.

At sentencing, the prosecutor argued:

> I think that this court should give him the 25 years, the maximum in the guideline range, as the minimum and I have no problem with the 50 years as maximum on the maximum part of the sentence.

Defense counsel never objected to the prosecutor's specific sentence recommendation at sentencing. The record contains no copy of a written plea agreement, and the parties' intent appears somewhat ambiguous. From the record before us, the true nature of the prosecutor's promise is not adequately developed.

A prosecutor who agrees to make a general sentence recommendation pursuant to a sentencing agreement breaches the agreement by recommending a specific number of years. *People v Shuler*, 188 Mich App 548; 470 NW2d 492 (1991). A sentencing court is, of course, not bound by any sentencing agreement negotiated between a defendant and the prosecution. *People v Killebrew*, 416 Mich 189, 207; 330 NW2d 834 (1982). Where a defendant's plea of guilty is induced by the prosecutor's promise relating to sentencing, the terms of

that agreement must be fulfilled. *People v Nixten,* 183 Mich App 95; 454 NW2d 160 (1990).

It is not apparent from the record before us whether the prosecutor agreed to recommend, generally, that defendant's minimum sentence fall within the guidelines or whether he agreed to recommend to the court a specific sentence that would fall within the guidelines.

We, therefore, remand to the trial court for a determination of the actual terms of the agreement regarding the prosecutor's intent. If the court on remand concludes that the promise was breached, the court should resentence defendant in accordance with *Shuler* and *Nixten, supra,* so that defendant may obtain specific performance of the bargain.

Remanded. We do not retain jurisdiction.

MICHAEL J. KELLY, P.J. *(concurring).* Because this is not a case involving a clear conflict but does involve interpretations and nuances, I write only to say that I do not think that *People v Shuler,* 188 Mich App 548; 470 NW2d 492 (1991), necessarily controls the outcome, and if it does not, I agree with Judge SAWYER's dissent in *People v Nixten,* 183 Mich App 95, 99-100; 454 NW2d 160 (1990). It seems to me that there is room to infer in any prosecutorial recommendation of "within the guidelines" that the defendant should expect a maximum/minimum recommendation. Why trial counsel avoid more precision probably depends upon counsel's reading of the sentencing judge. Some sentencing judges pay more attention to recommendations than others.

Why plea bargainers leave for appellate determination the parameters of their agreement may be the result of shoddy craftsmanship or a tacit understanding that the maximum/minimum is al-

ways the prosecutor's option. Because the recommendation is nonbinding, I would lean heavily toward requiring defense objection at the time of sentencing in order to preserve the issue for appellate review. I would presume that trial counsel know what a recommendation to a trial court of "sentencing within the guidelines" or "a minimum sentence within the guidelines" meant at the time there was a meeting of the minds during negotiations. If defense counsel makes no objection at the time of sentencing it seems to me counsel has stamped approval on the prosecutor's recommendation if it is *anywhere* within the guidelines.