PEOPLE v SWIRLES (AFTER REMAND)

Docket No. 181032. Submitted May 14, 1996, at Grand Rapids. Decided
August 6, 1996, at 9:00 A.M.

Thomas R. Swirles pleaded guilty in the Midland Circuit Court, Paul J.
Clulo, J., of armed robbery and possession of a firearm during the
commission of a felony pursuant to a plea bargain and sentencing
agreement. He was sentenced to twenty-five to fifty years' impris-
onment and two years' imprisonment for the respective convic-
tions. He appealed, alleging that the prosecutor breached the sen-
tencing agreement by recommending a sentence for the robbery
conviction that represented the top of the sentencing guidelines'
minimum sentence range rather than making a general recommen-
dation of from five to twenty-five years' imprisonment. The Court
of Appeals, FITZGERALD and CORRIGAN, JJ. (MICHAEL J. KELLY, P.J., con-
curring), remanded the matter to the trial court to determine the
actual terms of the agreement. 206 Mich App 416 (1994). On
remand, the trial court found that there was no violation of the sen-
tencing agreement. The defendant appealed.

After remand, the Court of Appeals held:

1. Defense counsel and the defendant acquiesced in the prosecu-
tor's interpretation of the sentencing agreement, i.e., that the prose-
cutor was free to argue any sentence within the guidelines, by not
objecting to the recommendation made by the prosecutor at
sentencing.

2. The parties reached a meeting of the minds that the minimum
sentence would fall within the guidelines' minimum sentence range,
as determined by the trial court at sentencing, but that the prosecu-
tor was nonetheless free to argue at sentencing for any minimum
sentence within the guidelines' minimum sentence range. The trial
court did not err in finding that the prosecutor complied with the
sentencing agreement.

3. The defendant's claim of ineffective assistance of counsel is
without merit.

Affirmed.

1. CRIMINAL LAW — SENTENCING AGREEMENTS — APPEAL.

The Court of Appeals reviews an alleged ambiguous sentencing agree-
ment in the context of the agreement's function to serve the admin-

istration of justice; contractual analogies may be applied where to do so would not subvert the ends of justice; a valid sentencing agreement requires a meeting of the minds and mutual assent with respect to all the material facts.

2. CRIMINAL LAW — PLEA AGREEMENTS — ASSISTANCE OF COUNSEL.

The pertinent inquiry for the Court of Appeals where ineffective assistance of counsel is claimed in the context of a plea agreement is whether the defendant tendered the plea voluntarily and understandingly.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Norman W. Donker*, Prosecuting Attorney, and *Michael S. Wolsh*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Norris J. Thomas, Jr.*, and *Daryl D. Mack*), for the defendant on appeal.

AFTER REMAND

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

NEFF, J. Defendant pleaded guilty of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to twenty-five to fifty years' imprisonment and two years' imprisonment for the respective convictions. Defendant appealed, claiming that the prosecutor breached the sentencing agreement by recommending a sentence of twenty-five years for the armed robbery conviction, which represented the top end of the guidelines' minimum sentence range,[1] instead of honoring an alleged promise to make a general recommendation of a sentence of five to twenty-five years.

---

[1] The sentencing guidelines' range was five to twenty-five years.

This Court found that the record was somewhat ambiguous with regard to the parties' intent and that the true nature of the prosecutor's promise was inadequately developed. The case was then remanded to the trial court for a determination of the actual terms of the agreement regarding the prosecutor's intent and for resentencing if the trial court concluded that the prosecutor's promise was breached. *People v Swirles*, 206 Mich App 416; 522 NW2d 665 (1994). On remand, the trial court found no violation of the sentencing agreement. Defendant appeals as of right, and we affirm.

I

The first question on appeal is whether the trial court properly interpreted the ambiguity in the sentencing agreement on the basis of the evidentiary hearing held on remand. In reviewing this issue, we are mindful that the agreement must be reviewed in the context of its function to serve the administration of justice. *People v Jackson*, 192 Mich App 10, 15; 480 NW2d 283 (1991). Contractual analogies may be applied in the context of a plea agreement, although strict adherence to contractual theories and principles peculiar to commercial transactions may not be applicable. *Id.; People v Walton*, 176 Mich App 821, 825; 440 NW2d 114 (1989). In other words, contractual theories will not be applied if to do so would subvert the ends of justice. *Id.*

The cardinal rule of contract interpretation is to ascertain the parties' intent. *Rasheed v Chrysler Corp*, 445 Mich 109, 127, n 28; 517 NW2d 19 (1994). A valid contract requires a meeting of the minds, meaning mutual assent with respect to all the material facts.

*Kamalnath v Mercy Memorial Hosp Corp,* 194 Mich App 543, 548; 487 NW2d 499 (1992).

In the prior appeal, this Court found ambiguous the prosecutor's statement at the plea hearing that he would make a " 'sentence recommendation that the defendant receive an initial sentence within that recommended by the sentencing guidelines as determined by the court at the time of sentencing.' " *Swirles, supra,* p 418. Specifically, this Court determined that it could not resolve whether this statement indicated an intent to recommend generally that defendant's sentence fall within the guidelines' range or whether it evinced an intent to recommend a specific sentence that would fall within the guidelines' range. *Id.*

A

Because the trial court's interpretation of the ambiguity in the sentencing agreement was a factual issue, we will review the trial court's decision under the clearly erroneous standard. MCR 6.001(D) and MCR 2.613(C). A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made. *People v Passeno,* 195 Mich App 91, 103; 489 NW2d 152 (1992).

B

At the evidentiary hearing held on remand, the prosecutor gave testimony regarding his understanding of the agreement and his negotiations with defendant's attorney. The prosecutor testified that he understood the agreement to mean that he was free to argue any sentence within the guidelines. The pros-

ecutor also testified that he understood defendant's biggest concern to be that, in light of sentences that defendant had already received in other cases, he receive no more than twenty-five years' imprisonment. However, the prosecutor would not agree to a twenty-five-year cap on the minimum sentence because he believed that the guidelines' minimum sentence range might be higher than he and defense counsel anticipated, and he did not want to be restricted from recommending a stiffer sentence.

The only other witness to testify at the evidentiary hearing was defendant. Defendant's testimony regarded his efforts during the relevant period to negotiate sentences in three counties. Most notably, defendant admitted that he understood that the recommendation from the prosecutor's office in this case would be any number that satisfied the guidelines' range.

C

Limiting this analysis to the factual record developed in the lower court, we conclude that defense counsel and defendant acquiesced in the prosecutor's interpretation of the sentencing agreement by not objecting to the recommendation made by the prosecutor at sentencing. See *Hague v DeLong*, 282 Mich 330, 333; 276 NW 467 (1937).

In any event, considering the factual record as a whole, we conclude that the parties reached a meeting of the minds that the minimum sentence would fall within the guidelines' minimum sentence range, as determined by the trial court at sentencing, but that the prosecutor was nonetheless free to argue at sentencing for any minimum sentence within the

guidelines' minimum sentence range. Therefore, upon applying general contract principles for construing ambiguous agreements and having due regard for the fact that a plea agreement must also be reviewed in light of its function to serve the administration of criminal justice, we hold that the trial court did not err in finding that the prosecutor complied with the sentencing agreement.

D

Defendant also argues that, although he failed to call his attorney as a witness, additional support for his construction of the sentencing agreement can be found by presuming that his attorney would have interpreted the agreement as containing a prosecutorial promise to make a general recommendation because, without such a promise, his attorney allegedly would have rendered ineffective assistance of counsel. We find no merit in this argument.

When ineffective assistance of counsel is claimed in the context of a plea, the pertinent inquiry is whether the defendant tendered the plea voluntarily and understandingly. *People v Bordash*, 208 Mich App 1; 527 NW2d 17 (1994). The instant issue does not turn on whether defendant's attorney rendered effective assistance of counsel, but rather on how the sentencing agreement entered into by defendant and the prosecutor should be interpreted. In other words, defendant did not argue below, and does not argue on appeal, that some failure by his trial counsel kept him from understanding the plea to which he agreed. Indeed, defendant testified at the evidentiary hearing that he understood the sentencing agreement to be that which the prosecutor argues it to be. Accord-

ingly, we find that defendant's counsel was not ineffective.

II

Next, we disagree with defendant's contention that the outcome of this case is governed by *People v Nixten*, 183 Mich App 95; 454 NW2d 160 (1990), and its progeny.

A

Were it not for the fact that the holding in *Nixten* was affirmed by a post-Administrative Order No. 1990-6[2] case, *People v Shuler*, 188 Mich App 548; 470 NW2d 492 (1991), we would overturn its holding. We find that a statement like the one made in *Nixten*, that the prosecutor will recommend a sentence "not to exceed" a certain number of years, or "not more than" a certain number of years, is most properly understood as a promise that the recommendation at sentencing will be any number including and below the number stated. In other words, if the prosecutor states, "I will recommend a sentence not to exceed eight years," we would conclude that statement is plainly understood as a promise that any number of years, eight or below, will be recommended. To follow the rule set forth in *Nixten* would render an appearance by the prosecutor at the sentencing hearing meaningless because the prosecutor would be precluded from making any statement other than the one made at the plea hearing.

---

[2] 436 Mich lxxxiv. Administrative Order No. 1990-6 was extended several times, and has now been replaced by Administrative Order No. 1996-4.

We also disagree with the *Nixten* Court's conclusion that the prosecutor's sentencing recommendation somehow limits the trial court's sentencing discretion. *Nixten, supra,* p 99. To the contrary, a sentencing recommendation is just that, a recommendation, and in no way does it restrict the sentencing court's discretion. The only potential limit to the court's sentencing discretion is the plea agreement itself, but the court is free to disregard the agreement as long as it affords the defendant the opportunity to withdraw his guilty plea. See *People v Killebrew,* 416 Mich 189, 208-210; 330 NW2d 834 (1982).

B

In any event, we find *Nixten* and its progeny to be distinguishable from this case. In *Nixten, supra,* p 98, this Court determined that the prosecutor's agreement to recommend a minimum sentence not to exceed eight years was breached when the prosecutor recommended a sentence of seven years, eleven months, and twenty-eight days. This Court concluded that the prosecution breached its promise because, although it agreed to recommend a general sentence, it recommended a specific one, and thereby "unnecessarily restricted the court's discretion and left unfulfilled the prosecution's assurance of leniency." *Id.,* p 99.

Here, by contrast, the prosecutor at the plea hearing indicated that he would recommend a sentence within the guidelines. This is not a general promise similar to the one in *Nixten,* but a promise that some specific number, within the guidelines, will be recommended. We conclude that defendant could not have fairly interpreted the prosecutor's statement as a

statement of leniency, nor could the sentencing court have believed that the prosecutor would make no recommendation at sentencing other than to simply restate the guidelines' range.

Accordingly, we agree with the trial court that *Nixten* and its progeny do not control the outcome of this case.

III

In view of our holding that the sentencing agreement was not breached, we need not consider the prosecutor's suggestion that we revisit this Court's prior decision in this case, and we hold pursuant to *People v Grant*, 445 Mich 535; 520 NW2d 123 (1994), that defendant was not entitled to relief because he did not demonstrate plain error. We note in passing that *Grant* was decided before this Court rendered a decision in defendant's prior appeal and that the prosecutor has failed to show any reason for not applying the law of the case doctrine to the question whether the lack of a defense objection at sentencing should preclude appellate review. *Freeman v DEC Int'l, Inc*, 212 Mich App 34, 37-38; 536 NW2d 815 (1995). However, if this issue was properly before us, we would require an objection as a prerequisite to appellate review for the reasons set forth in the concurring opinion in *Swirles, supra,* pp 419-420, at least in a case where there is ambiguity in the sentencing agreement and, hence, no plain error.

Affirmed.

DOCTOROFF, C.J. concurred.

FITZGERALD, J., I concur in the result only.