# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 4, 2015

Plaintiff-Appellee,

v

No. 321369
Kent Circuit Court
LC Nos. 13-008109-FH;
           13-008114-FH

MARQUISE DESHANNE HARDIN,

Defendant-Appellant.

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's sentence imposed following his guilty plea for resisting arrest causing injury, MCL 750.81d(2), in LC No. 13-008114-FH; and his guilty plea for felon-in-possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, in LC No. 13-008109-FH. We affirm.

First, defendant argues that the trial court erred when it disregarded the sentencing guidelines. Unpreserved errors are reviewed for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

In the present case, the trial court sentenced defendant to a concurrent sentence for his felon-in-possession of a firearm conviction and his resisting arrest causing injury conviction. When a defendant has multiple convictions and the sentences for the convictions are concurrent, the trial court is required to score the offense of the highest crime class. *People v Lopez*, 305 Mich App 686, 690; 854 NW2d 205 (2014). Resisting arrest causing injury is a class F offense. MCL 777.16d. Felon-in-possession of a firearm is a class E offense. MCL 777.16m. Thus, the inquiry is whether the trial court sentenced defendant within the recommended minimum sentence range for his felon-in-possession of a firearm conviction. *Id.*

Felon-in-possession of a firearm is an offense covered by the sentencing guidelines. MCL 777.16m. Accordingly, the trial court had to impose a minimum sentence within the range calculated under the sentencing guidelines. MCL 769.34(2). In order to determine the applicable range, the trial court first was required to score defendant's prior record variables

-1-

(PRVs) and offense variable (OVs), see MCL 777.21(1)(a) and (b), and then use those totals to determine "the recommended minimum sentence range from the intersection of the offender's offense variable level and prior record variable level" on the sentencing grid for the offense class to which felon-in-possession of a firearm belongs. MCL 777.21(1)(c). MCL 777.22 provides for the scoring of variables based upon the offense category of defendant's crime. Felon-in-possession of a firearm is in the category designated as crimes against public safety. MCL 777.16m. MCL 777.22(5) provides: "For all crimes against public safety, score offense variables 1, 3, 4, 9, 10, 12, 13, 14, 16, 19, and 20." Under this statutory language, trial courts do not have any discretion in the scoring of the listed variables—each variable must be scored. *People v Bemer*, 286 Mich App 26, 31-32; 777 NW2d 464 (2009).

Here, the trial court scored the applicable OVs and PRVs for defendant's felon-in-possession of a firearm conviction. According to the Sentencing Information Report, defendant had a PRV total of 62 points, and an OV total of 50 points. Thus, his OV level was "V", MCL 777.66, and his PRV level was "E", MCL 777.66. The range for such an offender is 19 to 38 months. MCL 777.66. Defendant's three year (i.e. 36 month) sentence falls within the recommended minimum sentence range. "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing[.]" MCL 769.34(10). On the record before this Court, the trial court did not plainly err when it followed proper procedures in calculating the recommended minimum guideline range and imposing a minimum sentence within that range. The trial court did not disregard the sentencing guidelines.

Defendant nevertheless suggests that the trial court improperly sentenced him outside of an agreed upon range of 10 to 23 months without allowing him an opportunity to withdraw his plea. Thus, this Court should now order specific performance of the plea agreement. Unpreserved errors are reviewed for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 763-764.

Once a trial court accepts a plea that was induced by a sentencing agreement, the terms of the agreement must be fulfilled; and, where they are not, defendant is entitled to vacation of his plea or specific performance. *People v Nixten*, 183 Mich App 95, 97; 454 NW2d 160 (1990). Similarly, if the prosecutor agrees to make a sentencing recommendation and fails to do so as negotiated with defendant, defendant is entitled to vacation of his plea or specific performance. *People v Swirles*, 206 Mich App 416, 418-419; 522 NW2d 665 (1994) (citation omitted).

At the plea hearing, the trial court asked the prosecution whether it had reached a plea agreement with defendant. The prosecution explained the plea agreement as follows: "For successful plea and sentence to counts one and two, felon-in-possession of a firearm and felony firearm in [case] 8109, and for a successful plea and sentence to count one in 08114-FH, dismiss the remaining counts and the Supplemental Information in each file." Defendant agreed to the plea agreement. After accepting defendant's guilty plea, the trial court noted, "I've agreed to nothing with anyone with respect to either plea or possible sentence in either case." After review of the record, we find the terms of the plea agreement were fulfilled with the dismissal of the remaining counts and the Supplemental Information. *Id.* Contrary to defendant's argument, the trial court did not agree to sentence defendant to a specific range. Additionally, the prosecution

did not agree to recommend a specific range at sentencing. Accordingly, defendant is not entitled to vacation of his plea or specific performance.

Finally, defendant argues the trial court erred when it sua sponte amended the judgment of sentence to reflect that defendant's parole sentence was consecutive to the felony-firearm conviction and concurrent to his sentences for resisting arrest causing injury and felon-in-possession of a firearm. Unpreserved errors are reviewed for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 763-764.

"[C]orrections or modifications to a judgment of sentence must comply with the relevant statutes and court rules." *People v Holder*, 483 Mich 168, 176; 767 NW2d 423 (2009). MCR 6.435 indicates when and how the trial court may correct an error in a judgment of sentence:

> (A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.
>
> (B) Substantive Mistakes. After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous. [MCR 6.435.]

Under this court rule, the trial court may not modify a judgment of sentence that contains a substantive mistake after it has entered a judgment of sentence. MCR 6.435(B). However, the trial court may correct "[c]lerical mistakes in judgments … and errors arising from oversight or omission … at any time." MCR 6.435.

This Court interprets court rules using the same principles that govern the interpretation of statutes. *People v Howell*, 300 Mich App 638, 644; 834 NW2d 923 (2013) (citation and quotation omitted). "If the plain and ordinary meaning of a court rule's language is clear, judicial construction is not necessary." *Id.* at 645. "When interpreting a court rule, [this Court] generally give[s] words their plain and ordinary meanings." *Id.* at 646. Although the court rule does not define "omission," this Court in *Howell* had an opportunity to define it in the context of MCR 6.435(A). *Id.* Omission has been defined as "leaving something out," or "neglecting to do something." *Id.* The word "oversight" has not been interpreted in case law, but a dictionary definition may be used to define words according to common meaning. *People v Lewis*, 302 Mich App 338, 342; 839 NW2d 37 (2013). According to the dictionary definition, the term "oversight" means an "unintentional failure to notice or consider." *Random House Webster's College Dictionary* (2000). In sum, clerical mistakes are errors arising from an "unintentional failure to notice or consider" something or by "leaving something out" or "neglecting to do something." *Howell*, 300 Mich App at 646; *Random House Webster's College Dictionary* (2000).

Also of relevance to the discussion, MCL 769.1h(1) requires the trial court to specify whether a defendant's sentence is concurrent with or consecutive to any other sentence that the defendant is, or will be serving. MCL 768.7a provides that

[i]f a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

Thus, "consecutive sentencing is mandatory when someone commits a crime while on parole." *Howell*, 300 Mich App at 647 (quotation omitted).

We find the trial court did not commit plain error when it corrected a clerical mistake. Both parties at the time of sentencing were aware of defendant's status as a parolee and the trial court's intent to impose a consecutive sentence for defendant's parole. A clerical error exists in the judgment of sentence when the intent of the trial court can be determined from the sentencing hearing and the parties are aware of the trial court's intent. See *People v Peck*, 481 Mich 863, 864; 748 NW2d 235 (2008) (CORRIGAN, J., concurring). The trial court's failure to address whether defendant's new sentences were consecutive to or concurrent with his parole sentence was an omission or oversight – something that the trial court "left out" or "failed to include" – in its original judgment of sentence. See *Howell*, 300 Mich App at 646. Accordingly, the trial court did not commit plain error when it sua sponte amended defendant's judgment of sentence because it was correcting a clerical error.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens

-4-