# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

VIRGIL SMITH,

        Defendant-Appellee.

UNPUBLISHED
April 18, 2017

No. 332288
Wayne Circuit Court
LC No. 15-005228-01-FH

Before: RIORDAN, P.J., and HOOD and SERVITTO, JJ.

PER CURIAM.

The prosecution appeals, by leave granted, the trial court's order declaring a portion of the defendant's plea agreement void and the trial court's subsequent order denying the prosecution's motion to vacate defendant's plea. We dismiss the appeal as moot.

In May 2015, defendant was involved in an altercation with his ex-wife. As a result, he was charged with domestic violence, MCL 750.81(2); malicious destruction of personal property, MCL 750.377a(1)(a)(i); felonious assault, MCL 750.82; and felony firearm, MCL 750.227b. On February 11, 2016, the prosecution and defendant entered into a plea agreement whereby defendant would plead guilty to the charge of malicious destruction of property and agreed both to resign his Senate seat and to refrain from holding public office during his five-year probationary period (which included a ten-month jail term). The remaining charges against the defendant would be dismissed. At the sentencing hearing, the trial court ruled sua sponte that the provisions of the agreement related to defendant's Senate seat violated the constitutional principle of separation of powers and infringed on the people's right to choose their representatives. Accordingly, the trial court declared those portions of the plea agreement void because they "offend[] the Constitution of the State of Michigan, [are] contrary to public policy and compromise[] the integrity of th[e] court." In all other respects, the court sentenced defendant in accordance with the plea agreement.

The prosecution subsequently moved to vacate defendant's plea. The prosecution argued that in failing to resign, defendant had not complied with the plea agreement and that the prosecution should be permitted to negotiate a new plea deal given the trial court's refusal to enforce the entirety of the original agreement. The trial court denied the prosecution's motion. The trial court acknowledged that while plea agreements are akin to contracts, they must serve the interests of justice. The trial court then held that where the parties had initially indicated that

-1-

the agreement protected the public and provided for punishment and rehabilitation, enforcement of the agreement without the "offending portion" would serve the interests of justice. The trial court added that vacating the plea would harm the interests of justice. The prosecution now appeals, by leave granted, both the trial court's original order voiding a portion of defendant's plea agreement and its order denying the prosecution's motion to vacate defendant's plea.

Despite the trial court's rulings, defendant in fact voluntarily resigned from his seat in the Michigan Senate effective April 12, 2016. He has also, it is believed, indicated an intention to not run for public office during his probationary period. Thus, the primary issues presented for our review are moot. "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). Generally, the Court "does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before [it] unless the issue is one of public significance that is likely to recur, yet evade judicial review." *Federated Publications, Inc v Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002), overruled in part on other grounds *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463; 719 NW2d 19 (2006). Examples of such issues often involve those of constitutional significance. See, e.g., *In re Midland Pub Co, Inc*, 420 Mich 148, 151 n 2, 151-152; 362 NW2d 580 (1984) (addressing whether a statute constituted an unconstitutional prior restraint on publication even though the issue appeared moot); *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 255; 833 NW2d 331 (2013) (addressing whether Michigan law protects the identity of an Internet speaker even though the speaker's identity had already been disclosed because the case presents "a publically significant issue concerning the First Amendment . . . likely to reoccur.").

Because defendant voluntarily resigned his seat and appears to have no intention of running for public office during his term of probation, we decline to address the issues regarding the voiding of the plea agreement as moot. While the questions at issue are arguably of public significance and could conceivably recur, we believe that since the terms of the plea agreement appear to have been voluntarily satisfied this is not the appropriate case in which to resolve a constitutional question.

Turning to the prosecutor's next argument, a trial court's decision to set aside a guilty plea is reviewed for an abuse of discretion. *People v Strong*, 213 Mich App 107, 112; 539 NW2d 736 (1995). An abuse of discretion "occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *People v Lee*, 314 Mich App 266, 272; 886 NW2d 185 (2016) (internal quotation marks omitted).

" 'The authority of a prosecutor to make bargains with defendants has long been recognized as an essential component of the efficient administration of justice.' " *People v Martinez*, 307 Mich App 641, 651; 861 NW2d 905 (2014), quoting *People v Jackson*, 192 Mich App 10, 14-15; 480 NW2d 283 (1991). "In light of the prosecutor's expansive powers and the public interest in maintaining the integrity of the judicial system, agreements between defendants and prosecutors affecting the disposition of criminal charges must be reviewed within the context of their function to serve the administration of criminal justice." *Jackson*, 192 Mich App at 15. Stated differently, "while analogous to a contract, plea bargains are not governed by the standards of commerce but must comport with the interests of justice in the administration of criminal laws." *Martinez*, 307 Mich App at 651. "In other words, contractual theories will not

be applied if to do so would subvert the ends of justice." *People v Swirles (After Remand)*, 218 Mich App 133, 135; 553 NW2d 357 (1996). When contract principles are considered, this Court has held that "the prosecutor has an equal right to withdraw from a plea agreement" because "the people, no less than the defendant, should be able to receive the benefit of the agreed-upon bargain[.]" *People v Siebert*, 201 Mich App 402, 413; 507 NW2d 211 (1993). Pursuant to MCR 6.310(E), "[o]n the prosecutor's motion, the court may vacate a plea if the defendant has failed to comply with the terms of a plea agreement."

Here, permitting the prosecution to withdraw the plea at this juncture would "subvert the ends of justice." *Swirles (After Remand)*, 218 Mich App at 135. Defendant has been placed in a much worse bargaining position since the plea was accepted by the trial court. The prosecution now knows that defendant is willing to make a plea, defendant revealed the location of the weapon used during the crime as a condition of the plea, and defendant has since voluntarily resigned his state Senate seat. Thus, permitting the prosecution to go back to the negotiating table with such advantages would undoubtedly "subvert the ends of justice." *Swirles (After Remand)*, 218 Mich App at 135. Also of importance is that defendant is not left entirely unpunished as a result of the trial court's decision, because defendant was still required to serve 10 months in the Wayne County Jail without the possibility of early release, five years of probation, as well as submit to alcohol and drug treatment with monthly documentation, submit to a mental health evaluation and full compliance with treatment, and pay full restitution to be determined. While we agree that it was an abuse of discretion by the trial court to deny the prosecution's motion to vacate the plea as soon as the trial court expressed its unwillingness to accept the terms of the agreement, granting such relief after the majority of the terms of the agreement have been fulfilled would be fundamentally unfair.

Dismissed as moot.


/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto