*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AURELIO LIONEL HARRIS,

        Defendant-Appellant.

UNPUBLISHED
August 27, 2020

No. 349008
Oakland Circuit Court
LC No. 2018-266404-FH

Before: REDFORD, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty plea for possession with intent to deliver less than 5 kilograms of marijuana, MCL 333.7401(2)(d)(*iii*). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 2 to 15 years' imprisonment. We vacate defendant's sentence and remand to the trial court.

## I. BACKGROUND

Defendant was arrested for attempting to sell 4 grams of marijuana in Oak Park. At all times relevant to this case, defendant possessed a valid medical marijuana card. After his arrest, defendant was released on bond with one condition being that he was prohibited from using "alcohol or any other illegal controlled substance." The box requiring drug testing as a condition of bond was left unchecked. Eventually, pursuant to a *Cobbs*[2] agreement, defendant pleaded guilty and the trial court agreed to sentence defendant to one year in jail and three years' probation.

Before sentencing, a presentence investigation report (PSIR) noted that defendant had been instructed to complete a drug test (though it did not explain who instructed him or why), and that defendant had attended his testing appointment but did not have money to complete the test. The

---

[1] *People v Harris*, unpublished order of the Court of Appeals, entered July 30, 2019, (Docket No. 349008).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

PSIR further noted that defendant admitted to using marijuana and told the testing-center staff that he would likely test positive for marijuana.

At sentencing, defendant admitted that he had not successfully completed a drug test and that he had continued to use marijuana during his pretrial release. The trial court determined that both acts violated defendant's bond conditions, so it was not bound to sentence defendant pursuant to the *Cobbs* agreement. Accordingly, the court sentenced defendant to 2 to 15 years' imprisonment.

Defendant obtained appellate counsel and filed a motion for resentencing or, in the alternative, to withdraw his guilty plea. Defendant offered a Michigan Department of Licensing and Registration certification that he had a valid medical marijuana card during his entire pretrial release.[3] Nonetheless, the trial court denied defendant's motion, believing that defendant's use of marijuana—medical or not—violated the condition of his bond prohibiting him from using illegal controlled substances. The court further reasoned that, regardless of defendant's marijuana use, his failure to complete a drug test was a violation of the conditions of his bond and independently justified the court's decision to disregard the *Cobbs* agreement. Defendant now appeals.

## II. STANDARD OF REVIEW

"We review for an abuse of discretion a trial court's ruling on a motion to withdraw a plea." *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013). "The interpretation of court rules is a question of law that this Court reviews de novo." *People v Walters*, 266 Mich App 341, 346; 700 NW2d 424 (2005).

To the extent that defendant argues that the trial court's decision to disregard his plea agreement raises constitutional concerns, see *People v Gallego*, 430 Mich 443, 449; 424 NW2d 470 (1988), our review is de novo, *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Our review of a trial court's interpretation of the terms of a sentencing agreement is analogous to our review of a trial court's interpretation of a contract, see *People v Swirles*, 218 Mich App 133, 135; 553 NW2d 357 (1996), so our review is de novo, see *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006).

## III. *COBBS* AGREEMENT

Under *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993), a trial judge "may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense," but the judge is not bound by that preliminary evaluation "since additional facts may emerge during later proceedings." Thus, the trial court clearly had the discretion under *Cobbs* to disregard the agreement in this case. Despite this, defendant argues that the court's decision to do so was an abuse of discretion or otherwise violated the law because it did not allow him to withdraw his guilty plea. We agree.

---

[3] Defendant's PSIR also noted that he had a medical marijuana card.

*Cobbs* provides that "a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Id.* This rule is embodied in MCR 6.310(B)(2)(b), which states that

the defendant is entitled to withdraw the plea if

\* \* \*

(b) the plea involves a statement by the court that it will sentence to a specified term or within a specified range, and the court states that it is unable to sentence as stated; the trial court shall provide the defendant the opportunity to affirm or withdraw the plea, but shall not state the sentence it intends to impose.

MCR 6.310(B)(3), however, provides an exception to this rule:

Except as allowed by the trial court for good cause, a defendant is not entitled to withdraw a plea under subsection (2)(a) or (2)(b) if the defendant commits misconduct after the plea is accepted but before sentencing. For purposes of this rule, misconduct is defined to include, but is not limited to: absconding or failing to appear for sentencing, *violating terms of conditions on bond or the terms of any sentencing or plea agreement*, or otherwise failing to comply with an order of the court pending sentencing. [Emphasis added.]

It is uncontested that while defendant was out on bond pending his sentencing hearing, he used marijuana and failed to complete a drug test. The trial court concluded that these were violations of the conditions of defendant's bond, so it disregarded the *Cobbs* agreement without allowing defendant to withdraw his plea, as provided in MCR 6.310(B)(3).

First addressing defendant's failure to complete a drug test, this was not a violation of the conditions of his bond. The conditional release order setting defendant's bond conditions did not check condition "h. Participate in a substance abuse testing or monitoring program." The trial court's interpretation of defendant's bond conditions as requiring him to drug test was an error of law, and the court could not use defendant's failure to drug test as a reason to not allow defendant to withdraw his plea under MCR 6.310(B)(3).

The closer question is whether the trial court correctly interpreted defendant's bond condition that defendant "not use alcohol or any other illegal controlled substance" as prohibiting his medical use of marijuana. MCL 333.26424(a) of the Michigan Medical Marijuana Act (MMMA) provides, "A qualifying patient who has been issued and possesses a registry identification card is not subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege . . . for the medical use of marihuana in accordance with this act . . . ." Neither this Court nor our Supreme Court has decided whether prohibiting the medical use of marijuana as a condition of bond violates the MMMA, and we decline to resolve that issue today.

Rather, we assume for purposes of this appeal that such a bond condition would not violate the MMMA, and address whether the trial court correctly interpreted defendant's medical use of

marijuana as violating the condition of his bond that he "not use alcohol or any other illegal controlled substance." This provision did not explicitly prohibit the medical use of marijuana.

In *People v Stanley*, 207 Mich App 300, 307; 523 NW2d 892 (1994), this Court stated that "due process requires that a probationer be given prior notice of the conditions of probation before a court may revoke probation for failure to meet those conditions." We think that this rule applies analogously to bond conditions. That is, due process requires that a defendant have prior notice of the conditions of his bond before a court may punish him for a bond violation.

The condition of defendant's bond that he not use "illegal controlled substances" was, at best, ambiguous as applied to the medical use of marijuana; under the MMMA, the medical use of marijuana is not necessarily illegal, see MCL 333.26427(a) ("The medical use of marihuana is allowed under state law to the extent that it is carried out in accordance with the provisions of this act."), despite that marijuana is still a controlled substance, see MCL 333.7212. Due to this ambiguity, defendant did not have sufficient notice that his medical use of marijuana in accordance with the MMMA[4] violated a condition of his bond. Consequently, regardless of whether defendant's bond condition that he not use "illegal controlled substances" is interpreted as encompassing the medical use of marijuana or not, the result is the same. Either (1) the bond condition encompassed the medical use of marijuana, in which case the condition's failure to explicitly state as much left defendant without sufficient notice that his medical use of marijuana in accordance with the MMMA violated the conditions of his bond, and punishing him for a bond violation of which he did not have sufficient notice violated due process, or (2) the bond condition did not encompass the medical use of marijuana in accordance with the MMMA, so defendant's medical use of marijuana did not violate the conditions of his bond. Under either interpretation, the trial court should not have proceeded under MCR 6.310(B)(3). Rather, if the court declined to follow the *Cobbs* agreement because of defendant's medical use of marijuana, it should have proceeded under MCR 6.310(B)(2)(b) and allowed defendant "the opportunity to affirm or withdraw" his plea.[5]

Accordingly, we vacate defendant's sentence and remand for the trial court to either enforce the *Cobbs* agreement or, if it decides to not follow the *Cobbs* agreement, allow defendant the opportunity to withdraw his guilty plea. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien

---

[4] Defendant had a valid medical marijuana card at all times relevant to this case, and nothing in the record suggests that defendant's personal use of marijuana violated the MMMA.

[5] Based on this conclusion, we decline to address defendant's other arguments on appeal.